UNITED STATES of America,
Plaintiff-Appellee,

v.

James M. MAHONEY,
Defendant-Appellant.

No. 74–1578.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1975.
Rehearing Denied April 25, 1975.

Ralph W. Rinehart, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Oscar Blasingame, Claude Ti-

son, Jr., Terry Smiljanich, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from a conviction on charges involving marijuana importation offenses. Appellant was one of a group charged but was given a separate trial.[1]

One principal assignment of error is that appellant was entrapped as a matter of law by the government's use of a pilot-informer. The arrangements to import large quantities of marijuana were well underway by the time the pilot was employed. It happened that the pilot was a government informer and that the government allowed him to keep fees earned from his endeavors. The fee in this instance for flying from Tampa, Florida to Colombia, South America and return with 1,000 pounds of marijuana was $10,000 and 50 pounds of the marijuana. (The government stoutly denied that the pilot was allowed to keep the marijuana.)

Appellant and Geder, one of his co-indictees, went to Colombia with the pilot to purchase the marijuana and to transport it to Tampa. All in the group of nine were apprehended upon the return of the pilot, appellant and Geders. The only additional fact favoring appellant was the claim that he and Geders were dissuaded by the pilot from dumping the marijuana from the plane while in flight and prior to reaching Tampa. The entrapment defense was submitted to the jury as an issue.

In our decision in United States v. Fink, *supra*, we rejected the contention of Geders that he was entrapped as a

---

1. *See* United States v. Fink, 5 Cir., 1974, 502 F.2d 1. The eight persons indicted with appellant included Rufus R. Surles, Jr., Tom Waddington, Michael and Fred Fink, Randy Kilgore, Stephen Patrick, David Butler, and John Geders. Michael Fink and Geders were convicted and their convictions were affirmed in the above styled case. Waddington is deceased. Kilgore and Fred Fink pleaded guilty to charges against them prior to trial. Charges against Butler and Surles were dismissed on motion of the government.

matter of law under these circumstances. Although the facts as to appellant differ to some extent, we reach the same conclusion here.

We have considered and likewise find without merit the following additional assignments of error: (1) that the government was permitted to introduce hearsay testimony from a police officer as to appellant's predisposition to commit the crimes with which he was charged; (2) that the district court refused to compel the police officer to reveal the name of his confidential informant; (3) that the police officer's name had not been included on the government's pretrial list of witnesses against appellant; (4) that the district court admitted hearsay testimony of a coconspirator; (5) that the district court refused to ask prospective jurors questions submitted by appellant; (6) that the district court prematurely instructed the jury during the testimony of a coconspirator; and (7) that judgment of acquittal was not granted.

Affirmed.